**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**GLENN SMITH,**

    **Plaintiff,**

vs.　　　　　　　　　　　　　　　　　　**CASE NO. 4:08CV321-SPM/AK**

**WALTER A. MCNEIL,**

    **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this cause *pro se*[1], but he paid the full filing fee at the time the complaint was filed and is therefore **not** proceeding *in forma pauperis*. His complaint was served and Defendant has moved to dismiss for failure to state a claim for relief. (Doc. 19).

**I.　Allegations of the complaint (doc. 1)**

Plaintiff complains that service fees charged for photocopying legal documents constitutes an illegal tax in violation of due process and the Equal Protection Clause.

---

[1] Although Plaintiff attached to his complaint a motion for class certification, he did not file the motion separately and it was included as an exhibit with the complaint. Thus, no separate ruling was made on the issue, but the law is well settled that a *pro se* litigant cannot be an adequate class representative. Gray v. Levine, 455 F. Supp. 267, 268 (D. Md. 1978), *citing* Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).

**II.    Defendant's Motion to Dismiss (doc. 19)**

Defendant moves to dismiss this case for failure to state a claim for relief. Dismissals on this ground are governed by the same standard as Rule 12(b)(6), Federal Rules of Civil Procedure.  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."  Boyer v. Board of County Comm'rs, 922 F. Supp. 476, 482 (D. Kan. 1996), *aff'd,* 108 F.3d 1388, *citing* Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993); Mitchell v. Farcass, 112 F.3d 1483, 1487 (11th Cir. 1997); Mannings v. Board of Public Instr. of Hillsborough County, Fla., 277 F.2d 370, 372 (5th Cir. 1960).  The court should not weigh the evidence, but merely "determine whether the complaint itself is legally sufficient."  In re Mosello, 190 B.R. 165, 168, *aff'd,* 193 B.R. 147, *aff'd,* 104 F.3d 352 (Bankr. S.D.N.Y. 1995), *citing* Festa v. Local 3, Int'l Brotherhood of Elec. Workers, 905 F.2d 35, 37 (2d Cir. 1990).

The Supreme Court recently expressed a new standard in Bell Atlantic Corp., et al. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007), holding:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations...[f]actual allegations must be enough to raise a right to relief above the speculative level...

In doing so, the Court emphasized that it was not requiring a fact pleading of specifics, but only enough facts to show that a claim to relief is plausible.  Id., at 1974.  The Twombly Court expressly abandoned a literal reading of the "no set of facts" language announced in Conley v. Gibson.  Id. at 1969.  See  Conley v.

**No. 4:08cv321-SPM/AK**

Gibson, 355 U.S. 41, 45-6, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (dismissal of a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief).

The undersigned finds for the following reasons that under the above standards, Plaintiff has failed to state a claim for relief and Defendant's motion should be granted.

Plaintiff litigated this issue under state law to a degree of success. Smith v. Florida Dept. of Corrections, 920 So.2d 638 (Fla. App. 1 Dist. 2005). In that suit, he challenged the validity of Florida Administrative Code Rule 33-501.302, which established the amount to be charged prison inmates for copying services and authorized deductions and liens from inmate accounts to cover these costs. When it promulgated the rule, the DOC cited to Florida Statute §944.09, for authority to implement such costs, but the state court agreed with Smith that the statute referenced did not specifically authorize fee assessment. The court found that the statute referenced set forth the general rulemaking authority of the DOC for things such as visiting hours, privileges, personnel, and operation issues, but not for assessing monetary costs to inmates for any type of service.

Plaintiff now brings this issue to federal court seeking to extend this state court holding to include a finding that the rule is unconstitutional under federal law as well. However, as Defendant notes in his motion, this issue has been litigated in **this** district after the Smith ruling and found to be without merit on a due process or equal protection challenge. See Sears v. Moore, 2006 WL 3483491 (N.D. Fla. 2006). Try as he might to

**No. 4:08cv321-SPM/AK**

distinguish the facts in his case from those decided in <u>Sears</u>, (see Plaintiff's Response, doc. 26), his arguments are not convincing.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss (doc. 19) be **GRANTED**, and Plaintiff's complaint (doc.1), be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Gainesville, Florida, this *8th* day of July, 2009.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 4:08cv321-SPM/AK**