IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GLENN SMITH,

    Plaintiff,

vs.                                               CASE NO. 4:08-CV-321-SPM/AK

WALTER MCNEIL,

    Defendant.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court for consideration of the Magistrate Judge's Report and Recommendation (doc. 27). Plaintiff has been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Plaintiff, who is pro se, filed an objection (doc. 28). Pursuant to Title 28, United States Code, Section 636(b)(1), I have conducted a de novo review of the sections of the report to which objections have been made. I find that the Report and Recommendation is correct and should be adopted.

Plaintiff's objects to the Magistrate Judge's finding that the Plaintiff's claim of Equal Protection Clause and Due Process Clause violations, stemming from the Department of Correction's refusal to reimburse him for photocopying fees, fails to state a claim upon which relief can be granted. The Supreme Court

recently expressed a new standard in Bell Atlantic Corp., et al. V. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007), holding:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegation . . . [f]actual allegations must be enough to raise a right to relief above the speculative level[.]

In doing so, the Court emphasized that it was not requiring a fact pleading of specifics, but only enough facts to show that a claim to relief is plausible. Id., at 1974. Pro se complaints are to be held to a less stringent standard than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986). However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995).

The question of whether an inmate has a constitutional entitlement to reimbursement of photocopying fees, after a Florida state appellate court ruled that the administrative rule which served as the basis for the Department of Correction's imposition of such fees was invalid because it was not supported by specific legislative authority[1], has already been litigated in this District. In Sears v. Moore, 2006 WL 3483491 (N.D. Fla. 2006), District Judge Smoak adopted the Report and Recommendation of Magistrate Judge Elizabeth M. Timothy, and

---

[1] Smith v. Florida Dept. of Corrections, 920 So.2d 638 (Fla. App. 1 Dist. 2005).

dismissed the complaint of an inmate asserting a constitutional claim for reimbursement of photocopying fees. This Court agrees with the reasoning of the District Court in Sears, and adopts that reasoning in this case. In the present case, the Plaintiff has failed to state a claim for relief under the Equal Protection Clause, because he has failed to allege that the refusal to reimburse him for photocopying fees was motivated by a discriminatory purpose, and he is not similarly situated to insolvent inmates who had liens from photocopying fees removed from their accounts. Additionally, the refusal to reimburse the Plaintiff for fees incurred in exchange for photocopying service does not constitute and unconstitutional deprivation of property, as there is no constitutional right to free photocopying for inmates. See Wanninger v. Davenport, 697 F.2d 992, 994 (11th Cir. 1983) ("[J]ail officials do not necessarily have to provide a prisoner with free, unlimited access to photocopies . . . in order to protect the prisoner's right to access the courts.").

Accordingly, it is hereby ORDERED AND ADJUDGED as follows:

1. The Magistrate Judge's Report and Recommendation (doc. 27) is *adopted* and incorporated by reference into this order.
2. The Defendant's Motion to Dismiss (docs. 19) is *granted*.
3. This case is dismissed for failure to state a claim upon which relief may be granted.

DONE AND ORDERED this <u>tenth</u> day of August, 2009.

    *s/ Stephan P. Mickle*
Stephan P. Mickle
Chief United States District Judge